56 F.3d 61
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Othello Walter MEADOWS, Plaintiff-Appellant,
v.
Eugene SHORTT, Sheriff, Defendant-Appellee.
 No. 95-6104.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 25, 1995.
 
 Othello Walter Meadows, appellant pro se. William Carrington Thompson, Chatham, VA, for appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Othello Walter Meadows filed this 42 U.S.C. Sec. 1983 (1988) action, claiming that his due process rights were violated when the Defendant, Sheriff Shortt, failed to protect him from the violent behavior of another inmate. Appellant was a pretrial detainee at the time of the incident; his nose was injured when another inmate punched him.
 
 
 2
 A trial was held. The plaintiff's evidence showed that the assaulting inmate had been confined for some time in the cell block without incident, that no complaints had been made about the assaulting inmate, and that Meadows was the inmate's friend. At the close of Meadow's case, the Defendant moved for judgment on the ground that Plaintiff had not proven a prima facie case. The magistrate judge* granted the motion, finding that the sheriff had no reason to know of any difficulty and was not deliberately indifferent to a serious risk of harm to Meadows. We affirm.
 
 
 3
 The standard of care applicable to pretrial detainees stems from the Due Process Clause of the Fourteenth Amendment. Hill v. Nicodemus, 979 F.2d 987, 990 (4th Cir.1992). Pretrial detainees may not be punished. Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). To establish that a particular condition or restriction of detention constitutes impermissible punishment, a detainee must show either 1) an expressed intent to punish or 2) a lack of a reasonable relationship to a legitimate governmental nonpunitive purpose. Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988). The magistrate judge correctly found that Meadows showed neither.
 
 
 4
 Accordingly, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The magistrate judge heard the case with the consent of the parties. 28 U.S.C. Sec. 636(c) (1988)